**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MORAN TOWING CORPORATION, | |
|       Plaintiff, | Civil Action No. |
| v. | **IN ADMIRALTY** |
| TALEVERAS PETROLEUM TRADING DMCC, | |
|       Defendant, | |
| AND | |
| ATLANTIC TRADING & MARKETING, INC., | |
| BP PRODUCTS NORTH AMERICA INC., | |
| CHEVRON U.S.A. HOLDINGS INC., | |
| CHEVRON U.S.A. INC., | |
| GEORGE E. WARREN CORPORATION, | |
| J.P. MORGAN & CO., INC., | |
| PBF ENERGY COMPANY LLC, | |
| PBF ENERGY INC., | |
| PBF ENERGY PARTNERS LP, | |
| PBF HOLDING COMPANY LLC, | |
| RIL USA INC., | |
| SHELL TRADING (US) COMPANY, | |
| and | |
| VITOL INC., | |
|       Garnishees. | |

## VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF
## WRITS OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiff Moran Towing Corporation ("Moran") brings this action against Defendant Taleveras Petroleum Trading DMCC ("Taleveras"), *quasi in rem*, pursuant to Supplemental Admiralty and Maritime Rule B for issue of writs of maritime attachment and garnishment, and state as follows:

### Jurisdiction and Venue

1.      This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Venue is proper in this District because the Garnishees are located and can be found in this District.  Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

3.      Moran is a corporation and has its principal place of business at 50 Locust Avenue, New Canaan, Connecticut 06840.  At all times relevant to this action, Moran provided tug services to the M/T ATLANTIC ROSE (the "Vessel").

4.      Taleveras is an Emirati corporation and has its principal place of business at Almas Tower, Jumeirah Lakes Towers Plot No Jlt Ph1 Ao, Dubai, United Arab Emirates.  At all times relevant to this action, Taleveras was the charterer of the Vessel.

5.      The Garnishees named herein are entities registered to do business, and with offices located, in this District.  On information and belief, each of the Garnishees holds accounts and/or property in which Taleveras has an interest.

## Facts

6.     Pursuant to an agreement, Moran provided tug services to the Vessel on July 30, 31, and August 1, 2015, under the direction of Taleveras, in principal amount of USD 17,534.20.

7.     Under the agreement, Taleveras agreed to pay Moran for the tug services Moran provided to the Vessel.

8.     Moran invoiced Taleveras in the principal amount of USD 17,534.20.

9.     Despite demand, Taleveras has refused to pay Moran the amounts due and owing.

## Count I – Breach of Maritime Contract

10.     Moran incorporates the above paragraphs as if fully set forth herein.

11.     Taleveras has breached its agreement with Moran as set out more fully above.

12.     Despite demand, Moran remains unpaid for amounts due to it under its agreement with Taleveras.

13.     Moran therefore demands against Taleveras as set forth more fully below.

## Count II – Maritime Attachment and Garnishment (Rule B)

14.     Moran incorporates the above paragraphs as if fully set forth herein.

15.     Moran seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration, including its contractual attorneys' fees and costs.

16.     No security for Moran's claims has been posted by Taleveras, or anyone acting on their behalf to date.

17.     Taleveras cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District.

WHEREFORE, Moran prays:

A.  That process in due form of law issue against Taleveras, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.  That since Taleveras cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Taleveras' tangible or intangible property or any other funds held by any garnishee, which are due and owing to Taleveras, up to the amount of at least **USD 17,534.20** to secure Moran's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.  That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D.  That upon attachment of the amount demanded, that this Court stay this action pending outcome of the parties' arbitration, and this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E.  That Moran may have such other, further and different relief as may be just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy Jay Houseal (Del. Bar ID No. 2880)
Jennifer M. Kinkus (Del. Bar ID No. 4289)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com
jkinkus@ycst.com

Counsel for Plaintiff

OF COUNSEL
J. Stephen Simms *pro hac vice pending*
Casey L. Bryant, *pro hac vice pending*
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: (410) 783-5795
Fax: (410) 510-1789
jssimms@simmsshowers.com
clbryant@simmsshowers.com
Dated: April 12, 2016

## VERIFICATION

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of Delaware. There is no record of any general or resident agent authorized to accept service of process for Taleveras in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2016.

J. Stephen Simms